THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v*. GEORGE KRISTOVICH, Defendant-Appellee.

(No. 55151; ▮▮▮▮▮▮▮▮▮▮▮▮

First District—June 1, 1971.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Joseph Romano, Assistant State's Attorneys, of counsel,) for the People.

No appearance for appellee.

Mr. JUSTICE LYONS delivered the opinion of the court:

This is an appeal by the State from an order of the Circuit Court of Cook County sustaining defendant's motion to suppress certain physical evidence seized at his apartment at the time of his arrest. Jurisdiction for the appeal is established under Supreme Court Rule 604. (Ill. Rev. Stats. ch. 110A, sec. 604). On appeal it is contended by the State that the trial court erred in its determination that the reasonableness of the warrantless search of defendant's apartment conducted incident to his arrest must be tested under the ruling of the Supreme Court in the case of *Chimel v. California* (1969), 395 U.S. 752. In support of this contention, the State relies on the testimony of the arresting officer that the articles in question were in plain view at the time of the arrest and also argues that the decision in *Chimel*, which was rendered on June 23, 1969, is not the appropriate test to be applied in determining the reasonableness of a search conducted on July 16, 1967.

A detailed account of the evidence presented at the hearing on the motion to suppress is not necessary to the disposition of the case. Suffice it to say that the testimony of the arresting officer was to the effect that defendant admitted him to the apartment and the arrest was effected in a hallway located immediately within the front entrance to the apartment. The officer also testified that the items sought to be suppressed

were located in the living room and were visible to him from the hallway to which he had been admitted.

Defendant presented evidence to the effect that he did not admit the arresting officer to his apartment, but that the police entered the apartment through windows located in two separate bedrooms and that he was arrested in one of the bedrooms. Defendant also presented evidence tending to establish that the living room in the apartment was not visible from the hallway in which, according to the arresting officer, the arrest was made, and from which he viewed the articles in question.

From the evidence presented the trier of fact may reasonably have concluded that the testimony of the arresting officer that the articles in question were in plain view was not worthy of belief either on the strength of defendant's evidence with respect to where the arrest took place, the impossibility of viewing the living room from the hall, or the discrepancy between the testimony of the arresting officer regarding what he allegedly saw in the living room and the number and variety of articles seized.

The ruling of the trial court may be disturbed only if error was committed in applying the standard laid down in *Chimel* to the present case. In *Chimel* the Supreme Court determined that warrantless searches conducted incident to an arrest may be sustained as reasonable only to the extent that they are limited in scope to an area in the immediate vicinity and control of the person arrested. In the instant case the trial court may reasonably have determined from the evidence no matter which version is believed that the items seized were beyond that limited sphere.

The question of the retroactive application of *Chimel* was considered by our Supreme Court in *People v. Wilson* (1970), 46 Ill.2d 376, 263 N.E.2d 856, wherein it was stated at page 382: "The holding of the case of *Chimel v. California*, 395 U.S. 752 * * * should not be applied retroactively to hold that the search without a warrant of the apartment where defendant was arrested was unreasonable * * *. It would be a great hardship in the administration of criminal justice to hold that said case should be given retroactive effect. It would not serve the purpose of justice to apply that decision retroactively because, with the ever changing standards in the administration of criminal justice, the law enforcement authorities should be able to rely on the standards as interpreted and in effect at the time of the arrest. Subsequent to that decision, the Supreme Court of the United States, also called upon to decide the question in the cases of *Williams v. United States* (1971), (U.S.), 28 L.Ed. 388 and *Hill v. California* (1971), (U.S.), 28 L.Ed. 484, reached the same conclusion. See also *People v. Durley* (1971), 133 Ill.App.2d 88, 272 N.E.2d 725.

We conclude that the court below erred in applying the *Chimel* standard to the instant case. The cause is therefore remanded to the Circuit Court with directions to vacate the order appealed from and for further proceedings consistent with the view herein expressed.

Reversed and remanded with directions.

BURKE, P. J., and GOLDBERG, J., concur.